IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 2:12-CR-049-D(1) |
| | § | |
| DONALD JOSEPH WEST, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Donald Joseph West ("West") has submitted in this criminal case a *pro se* October 26, 2018 motion to amend or correct orders, which the clerk of court docketed on November 2, 2018. West contends that several orders of this court are legally incorrect. He requests that the court reopen his criminal case and allow further investigation into his guilt, or, in the alternative, allow a new sentencing hearing as originally contemplated by rulings made in his 28 U.S.C. § 2255-based motion to vacate, presided over by Judge Cummings in Civil Action No. 2:16-CV-076-C, *appeals docketed*, Nos. 18-11593 and 18-11594 (5th Cir. Dec. 13, 2018). For the reasons explained, the court concludes that West's motion should be construed as a successive motion to vacate and transferred to the United States Court of Appeals for the Fifth Circuit to determine whether he should be permitted to file such a successive motion.

I

The orders that West challenges were entered after Judge Cummings, who had originally granted in part West's motion to vacate under 28 U.S.C. § 2255, granted the government's motion for Fed. R. Civ. P. 60(b) relief. This ruling had the effect of upholding West's sentence as to count 3 as originally imposed and denying the relief that West sought under § 2255. The undersigned then

terminated resentencing proceedings that had been instituted after Judge Cummings' initial ruling, because habeas relief had been denied, and West was no longer entitled to be resentenced. West now challenges in this criminal case the procedural correctness of the order in his civil habeas case (No. 2:16-CV-076-C) and its impact on the orders in this criminal case.

II

The threshold question the court must address is whether West's instant motion should be deemed a motion under Rule 60(b) or a successive motion to vacate. This issue impacts whether the court has jurisdiction to address West's motion.

Because Rule 60(b) does not apply to a federal criminal action, West cannot rely on Rule 60(b) to amend his criminal sentence or judgment in this criminal case.

Although Rule 60(b) does not apply to a criminal judgment, it may apply to a civil judgment entered in a post-conviction § 2255 proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005). "[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should be considered as a Rule 60(b) motion and not a successive motion under 28 U.S.C. § 2255." *Id.* at 532. To prevent conflicts between the "strict limitations" on successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from judgments or orders, a court must first examine whether a Rule 60(b) motion is, in fact, a successive habeas petition in disguise. *Id.* at 531-32.

Here, because West's motion challenges both his criminal judgment of conviction and Judge Cummings' ruling in his § 2255 proceeding, Rule 60(b)(4) is inapplicable insofar as West seeks relief from his sentence and convictions, which is the ultimate relief he seeks by his motion.

Although the court is presented with the difficulty of attempting to separate West's contentions that the procedural violations that he alleges occurred in his *civil* habeas case in turn caused procedural violations to occur in the instant *criminal* case, the court can only address such procedural errors as West contends were committed in the instant criminal case. Because West is seeking to overturn his criminal convictions based on new evidence (not a part of his last habeas proceeding), in addition to seeking to overturn the ruling in his last habeas proceeding, this motion is, in fact, a successive habeas petition.

III

A federal prisoner is barred from filing a second or successive motion to vacate, set aside, or correct sentence unless the court of appeals has first certified that the petition either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); Rule 9 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("Before presenting a second or successive motion [to vacate, set aside or correct sentence], the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."). The court has held above that the instant motion to vacate is successive, and West has failed to demonstrate he has obtained permission from the court of appeals to file the motion or has obtained the required order authorizing this court to consider a successive motion. Accordingly, the court transfers this action to the United

States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate. *Cf. United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015).

IV

Because this court lacks jurisdiction over West's motion, it also lacks jurisdiction to consider the ancillary motions he filed. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The court therefore denies West's motion requesting appointment of a discovery special master and motion requesting an evidentiary hearing.

\* \* \*

The clerk of court is directed to transfer West's November 2, 2018 motion, docketed as ECF No. 355, to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate. West's two ancillary motions, filed on November 15, 2018, are denied.

**SO ORDERED**.

January 7, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE