IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CR-049-Z(1) |
| | § | |
| DONALD JOSEPH WEST, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Donald Joseph West's ("West") *pro se* June 26, 2019 "Motion Requesting Vacator [sic] of Sentence and a Full Resentencing," (ECF No. 375) which the clerk of court docketed on July 2, 2019. West seeks leave to file "a successive § 2255 motion in the district court." Supplemental Brief in Support at 1, ECF No. 379. However, on March 19, 2019, the United States Court of Appeals for the Fifth Circuit entered an order denying a pervious attempt to file a successive Section 2255 motion. Further, the Fifth Circuit warned West against filing "any further attempts to challenge his conviction and sentence that do not meet the criteria for filing a successive § 2255 motion . . . ." *In re Donald Joseph West*, No. 19-10029 (5th Cir. March 19, 2019).

West contends that his sentence is unlawful, and the Court should thus vacate his sentence due to recent ruling in *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019). West claims this successive Section 2255 motion does not require certification from the Fifth Circuit Court of Appeals. He requests that the Court reopen his criminal case and allow further investigation into his guilt, or, in the alternative, allow a new sentencing hearing as originally contemplated by rulings made in his Section 2255-based motion to vacate, presided over by Judge Cummings in Civil Action

1

No. 2:16-CV-076-C, *appeals docketed*, Nos. 18-11593 and 18-11594 (5th Cir. Dec. 13, 2018). Because West is seeking to overturn his criminal convictions based on new evidence (not a part of his last habeas proceeding), in addition to seeking to overturn the ruling in his last habeas proceeding, this motion is, in fact, a successive habeas petition.

> A federal prisoner is barred from filing a second or successive motion to vacate, set aside, or correct sentence unless the court of appeals has first certified that the petition either (1) contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) is premised on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*United States v. West*, 2:12-CR-049-D(1), 2019 WL 118426, at *2 (N.D. Tex. Jan. 7, 2019) (internal marks omitted) (citing 28 U.S.C. § 2255(h); Rule 9 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("Before presenting a second or successive motion [to vacate, set aside or correct sentence], the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.")).

West has failed to demonstrate he has obtained permission from the court of appeals to file the motion or has obtained the required order authorizing this court to consider a successive motion. Accordingly, the Court TRANSFERS this action to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate. *Cf. United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015).

The clerk of court is directed to TRANSFER West's June 2, 2019 motion (ECF No. 375) to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive motion to vacate. Because this Court lacks jurisdiction over West's motion, it also lacks jurisdiction to consider the ancillary motions he filed. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The Court therefore DENIES West's motion requesting appointment of counsel (ECF No. 376).

**SO ORDERED**.

February 14, 2020

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE